UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01595-SVW-FFM | Date | June 9, 2014 |
|---|---|---|---|
| Title | Melody Heather et al. v. Medtronic Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER Re:
Defendants' Motion to Sever [42]
Defendants' Motion to Transfer Venue [41]
Defendants' Motion to Strike Portions of Plaintiffs' Complaint [43]
Defendants' Motion to Dismiss [39]

I. MOTION TO SEVER

Infuse is a bio-engineered bone growth protein developed and manufactured by defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (Not. Removal, Ex. 1, Compl. ¶ 3). In this action, Plaintiffs' counsel has joined thirty-one individuals, from twenty-two different states, each of whom underwent a different surgery where an Infuse device was implanted in his or her body in an off-label manner—that is in a manner other than the manner approved by the FDA. Plaintiffs contend that Medtronic fraudulently promoted these off-label uses of the Infuse device, failed to warn their doctors and the FDA of known side effects associated with the off-label uses, and defectively designed the Infuse device. (See generally Compl.).

Defendants move to sever Plaintiffs' claims, and the Court GRANTS Defendants' motion. Plaintiffs' claims do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as required for permissive joinder under Federal Rule of Civil Procedure 20.[1] Plaintiffs

---

[1] Rule 20 states that "persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction,

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01595-SVW-FFM | Date | June 9, 2014 |
|---|---|---|---|
| Title | Melody Heather et al. v. Medtronic Inc. et al. | | |

claims arise out of separate surgeries, performed by different surgeons, in different states, in which the Infuse device was used in different off-label manners. (See Compl. ¶¶ 298-328). The fact that the same Infuse device was used in each plaintiff's surgery is not sufficient to find that they were part of the same transaction or occurrence. See Scovil v. Medtronic, Inc., — F. Supp.2d —, 2014 WL 502923, at *12 (D. Ariz. Feb. 7, 2014) (severing the claims of two plaintiffs even though both plaintiffs were implanted with the Infuse device because the plaintiffs' claims were based on different surgeries, performed in different states, by different doctors).

      Moreover, "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Here, it is doubtful that joining the plaintiffs' claims would serve these purposes. Because the thirty-one plaintiffs joined in this action are citizens of twenty-two different states, adjudicating these claims together would likely require the application of different state laws. See Orr v. Bank of Am., 285 F.3d 764, 772 & n.4 (9th Cir. 2002) (noting that California has little interest in having its laws apply where alleged torts occurred out of state, where plaintiffs are out-of-state residents, and where defendants are located out of state). Potentially applying twenty-two different state laws would require cumbersome jury instructions and would not advance judicial economy. Further, because each plaintiff asserts that his or her doctor was deceived by Medtronic, separate evidence will be needed from each plaintiff on issues of causation and reliance. Because the evidence will differ amongst the plaintiffs, trying these claims together could risk confusing jurors. Cf. Coughlin, 130 F.3d at 1351 (severing plaintiffs where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court"). In addition, there is no evidence that Plaintiffs would be prejudiced by brining their claims separately.

      The Court gives Plaintiffs 14 days to file separate complaints in this action. For administrative purposes, and because not all of the plaintiffs are identically situated, the Court declines to address Defendants' additional motions at this time. Rather, Defendants are instructed to file motions in these separate cases within 21 days of this order. The Court therefore DENIES Defendants' motions to transfer venue, to strike portions of the complaint, and to dismiss the complaint in this action as MOOT.

      IT IS SO ORDERED.

---

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |